In the Matter of the Application of HARRY P. FISCHER, Petitioner, for a Mandamus Order against MORRIS S. TREMAINE, Comptroller of the State of New York, and PAUL B. BROOKS and Others, Constituting the Medical Board of the State of New York, Defendants.

Supreme Court, Special Term, Albany County, October 26, 1937.

*John T. DeGraff*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig* of counsel], for the defendants.

SCHENCK, J. The petitioner brings this proceeding to secure an order of mandamus to compel the defendants to pay him additional disability retirement allowance under the State Employees' Retirement System for the period from April 16, 1930, to March 21, 1935. The petitioner was injured on February 20, 1930, but the resultant permanent disability did not commence until April 4, 1930, and his salary was paid until April fifteenth. The dispute is not as to the facts but involves the legal question of when disability payments should start in view of the time and manner in which the petitioner entered his claim.

It is the contention of the defendants that the time of payments should not commence until the formal application was filed, which was concededly not until March 21, 1935. Under the circumstances of the case, however, this contention lacks merit. There was nothing in section 67 of the Civil Service Law in 1930 which required a formal filing. A formal application within five years was sufficient. This provision has, of course, been complied with, and at any rate its only purpose was to restrict the number of employees eligible to those who had been employed within five years previous to the application. There is no question involved here as to this petitioner's eligibility under the system. The question of formality thus being disposed of, it only remains to be seen whether or not timely actual notice was given to the defendants. It is conceded that as soon as the petitioner was able to write, he notified the Comptroller's office of his disability. There was lengthy correspondence between him and the Comptroller's office, in none of which was there a suggestion that the petitioner would lose out unless he made an immediate election between workmen's compensation and disability benefits under the retirement system. The fact is thus established that ample actual notice was given to the

defendants, and, in addition, it can clearly be seen that they have estopped themselves from raising any possible argument as to petitioner's being bound by his procedure of seeking compensation before entering his formal disability application.

The petitioner argues properly that the retirement system is for the benefit of State employees and its regulations should be liberally construed in the absence of specific rules, so that State employees may actually be benefited. It would be unjust to deny this petitioner relief on technicalities especially as his correspondence with the Comptroller's office led him to believe that he was adopting a proper course.

A peremptory order of mandamus directing the defendants to pay the petitioner from April 16, 1930, to March 21, 1935, is granted.

Enter order accordingly.